UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 24-1279 JGB (DTBx) | Date | August 27, 2024 |
| Title | *Francisco Monarez, et al. v. Eduardo Villela, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order to Show Cause re Dismissal for Failure to Prosecute
(IN CHAMBERS)

On June 18, 2024, Plaintiffs Francisco Monarez, Banda Vallarta Show, and Pablo Mejia Perez (collectively, "Plaintiffs") filed a complaint against Defendants Eduardo Villela, Juan Preciado, and Silverio Martines (collectively, "Defendants"). ("Complaint," Dkt. No. 1.) The Complaint alleges eight causes of action: (1) federal service mark infringement; (2) federal unfair competition; (3) federal false designation of origin; (4) federal copyright infringement; (5) state trade name infringement; (6) state service mark dilution; (7) state unfair competition; and (8) common law service mark infringement. (See id.)

On July 21, 2024, Defendant Juan Preciado was served with the summons and Complaint. ("Preciado Proof of Service," Dkt. No. 19.) As such, Defendant Preciado's answer was due on August 11, 2024. See Fed R. Civ. Proc. 12(a)(1). To date, Defendant Preciado has not filed an answer or response to the Complaint. Plaintiffs have also not filed a request for entry of default as to Defendant Preciado.

Absent a showing of good cause, an action must be dismissed without prejudice if the summons and complaint are not served on a defendant within 90 days after the complaint is filed. Fed. R. Civ. Proc. 4(m). Generally, defendants must answer the complaint within 21 days after service (60 days if the defendant is the United States). Fed R. Civ. Proc. 12(a)(1).

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  A plaintiff must prosecute her case with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Here, it appears that Plaintiffs have failed to prosecute the case with reasonable diligence because they have failed to request an entry of default as to Defendant Preciado for nearly two weeks.

Accordingly, the Court **ORDERS** Plaintiffs, **on or before Sepember 3, 2024**, to request an entry of default as to Defendant Preciado or to show cause in writing as to why they have not requested an entry of default.  Failure to comply with this order may result in dismissal of the action.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court finds that this matter is appropriate for submission without oral argument.

**IT IS SO ORDERED.**