JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **EDCV 24-1279 JGB (DTBx)** | Date | December 17, 2025 |
| Title | ***Francisco Monarez et al. v. Eduardo Villela et al.*** | | |

| | |
|---|---|
| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Order (1) DISMISSING the Instant Action for Failure to Prosecute; and (2) DIRECTING the Clerk of Court to Close the Case (IN CHAMBERS)**

## I.    BACKGROUND

On August 14, 2025, the Court granted Plaintiffs' Counsel's motion to withdraw.  (Dkt. No. 64.)  In that Order, the Court ordered Plaintiff Banda Vallarta Show to "retain new counsel and have that counsel enter an appearance on the docket no later than September 19, 2025." (Id.)  On account of Plaintiff Banda Vallarta Show failing to retain new counsel, the Court issued an Order to Show Cause ("OSC") as to why its claims should not be dismissed for lack of prosecution.  (Dkt. No. 67.)  Plaintiff Banda Vallarta Show never responded to the Court, so the Court dismissed its claims.  (Dkt. No. 68.)  Copies of the Court's dismissal order were sent to the remaining Plaintiffs, Francisco Monarez and Pablo Mejia Perez.  (Dkt. Nos. 69–70.)  However, on November 6, 2025, the mail was returned because Plaintiffs Monarez and Perez have no address on file with the Court.  To date, Plaintiffs Monarez and Perez have failed to apprise the Court of their current address and contact information.  Accordingly, the Court **DISMISSES** this action for failure to prosecute.

## II.    DISCUSSION

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders.  See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016).  Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b).  Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976).  Plaintiff failed to comply with the Court's OSC by the Court-

ordered deadline.  Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order).  The Court need not explicitly weigh these factors.  See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate.  Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency.  See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal).  In violation of Local Rule 41-6, Plaintiffs Monarez and Perez have failed to keep the Court apprised of their current address and contact information, thereby preventing the Court and Defendants from contacting them.  See L.R. 41-6 ("A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address.  If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.").  Indeed, a review of the docket shows that since August 2025, no address or contact information for Plaintiffs Monarez and Perez has been on file with the Court.  Moreover, Plaintiffs Monarez and Perez have failed to respond to the Court's order directing them to file a status report by September 26, 2025, regarding whether they intended to retain new counsel or proceed pro se.  (Dkt. No. 64 at 5.)

Consequently, this litigation is all but guaranteed to stall, resulting in an unreasonable delay for Defendants and causing prejudice.  See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice.").  Moreover, less drastic sanctions are not realistic.  Plaintiffs Monarez and Perez appear to have abandoned this litigation, as demonstrated by their lack of response to the Court's order and failure to have contact information on file.  Given that there is no way to contact Plaintiffs Monarez and Perez, further attempts to proceed in this case are futile.  See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) (per curiam) (holding that the district court did not abuse its discretion in dismissing a pro se plaintiff's action under Fed. R. Civ. P. 41(b) for failure to keep the court apprised of its current mailing address as required by the court's local rule).  In sum, the Court concludes that four of the five factors weigh in favor of dismissing this action in its entirety.  See Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

Accordingly, the Court **DISMISSES** this action for failure to prosecute.  The Court **DIRECTS** the Clerk of Court to close the case.  (JS-6)

   **IT IS SO ORDERED.**